UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RYAN TRUSK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:22-cv-149 |
| ) | |
| JAVIER RODRIGUEZ, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion for Summary Judgment [DE 17] filed by the defendants, Javier Rodriguez, Glorias Trucking, Inc., and Direct Chassislink, Inc., on September 15, 2023. For the following reasons, the Motion for Summary Judgment is **GRANTED in part** and **DENIED in part.**

*Background*

The plaintiff, Ryan Trusk, initiated this lawsuit on October 21, 2021, in Indiana state court, against the defendants, Javier Rodriguez, Glorias Trucking, Inc., and Direct Chassislink, Inc., (collectively "the defendants"), seeking damages for injuries sustained during a traffic accident. According to Trusk, while driving eastbound on I-80 a semi-trailer truck, driven by Rodriguez, struck his vehicle causing it to collide with the center median. Trusk claims that he suffered injuries that stemmed from the defendants' negligence.

On May 25, 2022, this case was removed to federal court. [DE 1]. On September 15, 2023, the defendant's filed the instant motion for summary judgment. [DE 17]. Trusk filed a response on October 13, 2023. [DE 20]. On November 2, 2023, the defendants filed a reply. [DE 24]. Thus, this motion is ripe for review.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment. As a result, this court has jurisdiction to decide this case pursuant to **28 U.S.C. § 636(c)**.[1]

*Undisputed Material Facts*

During the early morning of October 24, 2019, Trusk was traveling eastbound on I-80/94 in the center lane. [DE 19 at 2, ¶¶ 6, 7]. According to Trusk, while driving he observed a semi-truck in the far-right lane slam on its brakes, pop a tire, and then merge into the far-left lane. [DE 19 at 2, ¶ 8]. While veering into the left lane, the trailer of the semi-truck swung into the highway shoulder. [DE 19 at 2, ¶ 10]. Trusk, who was simultaneously moving to the left lane, attempted to brake and adjust accordingly but ended up striking the center barrier of the highway as his vehicle contacted the rear end of the semi-truck trailer. [DE 19 at 2, ¶ 11]. Emergency personnel responded to the scene and transported Trusk to Methodist Northlake Hospital in Gary, Indiana, for treatment. [DE 19 at 3, ¶¶ 12, 13].

Upon arrival, hospital staff and diagnosed him with a "[l]aceration of face, complex, initial encounter; MVC (motor vehicle collision), initial encounter; [o]pen facture of maxilla, unspecified laterality, initial encounter; and ETOH abuse." [DE 19 at 3, ¶ 17]. Hospital staff conducted a blood serum test on Trusk and determined that his ethanol value was 162 and that his drug test was positive for THC. [DE 19 at 3, ¶¶ 18, 19]. Trusk testified that he consumed three twelve-ounce Corona beers the evening before the accident occurred but denied being

---

[1] The parties filed their consent to the exercise of jurisdiction by a United States Magistrate Judge in June 2022. [DE 11]. At the time, the case was assigned to Magistrate Judge Joshua P. Kolar. The case was later reassigned to the undersigned when Magistrate Judge Kolar was confirmed to the 7th Circuit. Following the reassignment, the parties were notified they had thirty days within which to object to the continued exercise of jurisdiction by a Magistrate Judge [DE 26], and neither party notified the clerk's office that they had any objections [DE 27].

2

intoxicated at the time of the accident. [DE 19 at 3, ¶¶ 14, 15]. On October 31, 2019, Trusk was discharged from Northlake Methodist Hospital. [DE 19 at 3, ¶ 20].

Christina Sucher, Trusk's girlfriend at the time, was a passenger in his vehicle during the accident. [DE 19 at 7, ¶ 49]. According to Sucher, she and Trusk attended a fundraiser event in Chicago on October 23, 2019. [DE 19 at 7, ¶ 51]. During the event, Sucher observed Trusk drink a number of alcoholic beverages and believed he was visibly intoxicated. [DE 19 at 7, ¶ 52]. After the fundraiser, during the early morning hours on October 24, 2019, Trusk began driving Sucher home to Portage, Indiana. [DE 19 at 7, ¶ 53]. According to Sucher, while traveling eastbound on I-80/94, Trusk moved his vehicle behind a semi-truck and accelerated towards it, in what Sucher believed was an attempt to intimidate her. [DE 19 at 8, ¶ 57]. While Trusk was behind the semi-truck it applied its brakes causing Trusk to brake and attempt to maneuver to the left of the semi-truck trailer. [DE 19 at 8, ¶ 59]. Trusk's vehicle collided with the back of the semi-truck's trailer and then struck the concrete median. *Id.* After the accident, Sucher claims that Trusk professed to her that he believed he was going to jail. [DE 19 at 9, ¶ 60].

Dr. Jerrold B. Leikin, M.D., a medical toxicologist, reviewed Trusk's complaint, the crash report, medical records, and associated exhibits for this case. [DE 19 at 9, ¶ 64]. According to Dr. Leikin, Trusk's blood alcohol concentration was between 0.147 to 0.167 gm/dl at the time of the motor vehicle accident and, in his opinion, Trusk was impaired due to alcohol intoxication. [DE 19 at 9, ¶¶ 65, 66].

Kevin Johnson, a traffic reconstructionist, also reviewed Trusk's complaint, the crash report, medical records, and associated exhibits for this case. [DE 19 at 10, ¶ 71]. In his affidavit, Johnson contended that the accident was "consistent with [a] rear-end collision without lateral evasive maneuvers." [DE 19 at 10, ¶ 72]. According to Johnson, Trusk was traveling at a speed

20 miles per hour greater than the speed of the semi-truck before the accident and had sufficient time to slow down to avoid the collision. [DE 19 at 10, ¶ 73]. Johnson claimed that no evidence suggested that Rodriguez, the driver of the semi-truck, contributed to the motor vehicle accident. [DE 19 at 11, ¶ 75].

### *Motions to Strike*

At the onset, Trusk moves to strike certain facts as inadmissible hearsay. Hearsay refers to statements made outside of court and offered for the truth of the matter asserted and is generally not admissible at trial unless it falls under a recognized exception. *See* **Fed. R. Evid. 801-807**. "To be considered on summary judgment, evidence must be admissible at trial . . . If the evidence is inadmissible hearsay, the courts may not consider it." ***Prude v. Meli***, 76 F.4th 648, 661 (7th Cir. 2023).

First, Trusk argues that Sucher's declaration should be stricken because it is irrelevant. The court disagrees. Sucher's statements may be admissible as evidence of the state of mind of the declarant, as well as her observations of Trusk's actions leading up to the accident. *See*, *e.g.*, ***Prude***, 76 F.4th at 661; ***Simpson v. Beaver Dam Cmty. Hosps., Inc.***, 780 F.3d 784, 796 (7th Cir. 2015).

Next, Trusk contends that the declarations of Dr. Leiken and Kevin Johnson should be stricken for lack of factual foundation and hearsay. To establish or dispute a material fact at summary judgment, an affidavit or declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." **Fed. R. Civ. P. 56(c)(4)**; *see* **Moore v. W. Illinois Corr. Ctr.**, 89 F.4th 582, 593 (7th Cir. 2023).

4

The defendants provided Dr. Leiken's and Johnson's respective curriculum vitae in conjunction with their affidavits. The defendants disclosed both witnesses as experts to Trusk on June 15, 2023, well before the filing of this motion. Trusk never filed a *Daubert* challenge to either expert or moved to strike these disclosures prior to the instant motion for summary judgment. Additionally, Trusk has provided no evidence to refute or contradict Dr. Leiken's or Johnson's declarations. Therefore, the court considers the declarations admissible for purposes of summary judgment.

### *Discussion*

Under **Federal Rule of Civil Procedure 56(a)**, summary judgment is proper only if the movant has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Gnutek v. Illinois Gaming Bd.*, 80 F.4th 820, 824 (7th Cir. 2023); *Garofalo v. Vill. of Hazel Crest*, 754 F.3d 428, 430 (7th Cir. 2014); *Kidwell v. Eisenhauer*, 679 F.3d 957, 964 (7th Cir. 2012). A fact is material if it is outcome determinative under applicable law. The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); *Pack v. Middlebury Comm. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021).

When the movant has met its burden, the opposing party cannot rely solely on the allegations in the pleadings but must "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in [her] favor." *Marr v. Bank of Am., N.A.*, 662 F.3d 963, 966 (7th Cir. 2011); *see also* *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th

Cir. 2005) (summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.")). The non-moving party cannot rely on conclusory allegations. *Weaver v. Champion Petfoods USA Inc.*, 3 F.4th 927, 934 (7th Cir. 2021). Failure to prove an essential element of the alleged activity will render other facts immaterial. *Celotex*, 477 U.S. at 323; *Filippo v. Lee Publications, Inc.*, 485 F. Supp. 2d 969, 972 (N.D. Ind. 2007) (the non-moving party "must do more than raise some metaphysical doubt as to the material facts; she must come forward with specific facts showing a genuine issue for trial").

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). The trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find for that party after a trial. *Anderson*, 477 U.S. at 248; *Cung Hnin v. Toa, LLC*, 751 F.3d 499, 504 (7th Cir. 2014); *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008).

Trusk has alleged claims for negligence against Rodriguez for his operation of the semi-truck and involvement in the accident, as well as Glorias Trucking and Direct Chassislink, Rodriguez's employers, for negligence under the theory of respondeat superior. The defendants contend that they are entitled to summary judgment because there is no genuine dispute of material fact and argue that Trusk presented no evidence to support a finding that the defendants breached a duty of care to him.

### A. Negligence Claim Against Rodriguez

In diversity actions, federal courts apply state substantive law. *Wachovia Sec., LLC v. Banco Panamericano, Inc.*, 674 F.3d 743, 751 (7th Cir. 2012), *citing* *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). To prevail on his negligence claim under Indiana law, Trusk must show that (1) Rodriguez owed him a duty; (2) that duty was breached because Rodriguez's conduct fell below the applicable standard of care; and (3) the breach proximately caused his injuries. *See* *Harradon v. Schlamandinger*, 913 N.E.2d 297, 300 (Ind. Ct. App. 2009). At trial, the plaintiff bears the burden of proving that there was negligence, and "[n]egligence will not be inferred; rather, specific factual evidence, or reasonable inferences that might be drawn therefrom, *on each element* must be designated to the trial court. However, an inference is not reasonable when it rests on no more than speculation or conjecture." *Hayden v. Paragon Steakhouse*, 731 N.E.2d 456, 458 (Ind. Ct. App. 2000) (citing *Miller v. Monsanto Co.*, 626 N.E.2d 538, 541 (Ind. Ct. App. 1993)); *Midwest Com. Banking Co. v. Livings*, 608 N.E.2d 1010, 1012 (Ind. Ct. App. 1993)). Accordingly, "negligence cannot be inferred from the mere fact of an accident, absent special circumstances." *Hale v. Cmty. Hosp. of Indianapolis, Inc.*, 567 N.E.2d 842, 843 (Ind. Ct. App. 1991).

Disposition of negligence actions in summary judgment "is rarely appropriate .... because negligence cases are particularly fact sensitive and are governed by a standard of the objective reasonable person—one best applied by a jury after hearing all of the evidence." *Rhodes v. Wright*, 805 N.E.2d 382, 387 (Ind. 2004). However, if "undisputed material evidence negates one element of a negligence claim," summary judgment for the defendant is appropriate. *Janero v. Norfolk S. Ry. Co.*, No. 1:13-CV-155-TLS, 2017 WL 993055, at *4 (N.D. Ind. Mar. 15, 2017) (quoting *Nagel v. N. Ind. Pub. Serv. Co.*, 26 N.E.3d 30, 43 (Ind. Ct. App. 2015).

The defendants argue that Rodriguez's action of merging into the far-left lanes was involuntary, as one of the tires blew out on his truck. As a result, they argue that Rodriguez did not breach his duty of care. The defendants also argue that Trusk was negligent *per se* because he was operating his vehicle under the influence of alcohol. In response, Trusk contends that there is a genuine dispute of material fact about whether Rodriguez operated the semi-truck in a "negligent and careless manner" which caused the accident.

First, Rodriguez owed Trusk a duty of care in the operation of his semi-truck. Rodriguez had a duty to:

> [M]aintain a proper lookout while operating a motor vehicle as a reasonably prudent person would do in the same or similar circumstances. A motorist has a duty to use due care to avoid a collision and to maintain his automobile under reasonable control. The duty to keep a lookout is imposed upon a motorist so that he may become aware of dangerous situations and conditions to enable him to take appropriate precautionary measures to avoid injury.

**Cole v. Gohmann**, 727 N.E.2d 1111, 1115 (Ind. Ct. App. 2000).

When Rodriguez's tire blew out, he still owed a duty to other drivers, including Trusk, to maneuver the semi-truck is a safe manner to avoid collisions with other vehicles. The defendants argue that Rodriguez's action of traversing across traffic to the far-left lane was involuntary. Yet no admissible evidence supports this assertion, such as an affidavit from Rodriguez explaining his actions. Drawing all inferences in Trusk's favor as the non-moving party, the court cannot conclude that Rodriguez took appropriate precautionary measures to avoid contact with other drivers on the road by crossing lanes of traffic to the far-left lane, rather than just pulling over to the right shoulder.

Nevertheless, the defendants contend that Trusk was intoxicated at the time of the accident and was negligent *per se*. Although not explicitly stated by the defendants, the court construes this argument as a contention that Trusk was more than 50% at fault, which would bar

any recovery under the Indiana Comparative Fault Act. *See* **Ind. Code § 34–51–2–6** ("In an action based on fault ... the claimant is barred from recovery if the claimant's contributory fault is greater than the fault of all persons whose fault proximately contributed to the claimant's damages."). While fault apportionment is generally a question of fact to be decided by the jury, "at some point the apportionment of fault may become a question of law for the court ... only when there is no dispute in the evidence and the factfinder is able to come to only one logical conclusion." ***Robbins v. McCarthy***, 581 N.E.2d 929, 934 (Ind. Ct. App. 1991). Therefore, if there is no genuine issue of fact that Trusk is more than fifty percent at fault for his own injuries, summary judgment is still appropriate.

Like Rodriguez, Trusk owed the same duty of care in the operation of his vehicle. The undisputed facts suggest that Trusk consumed alcoholic beverages the night before the accident. The defendants' expert, Dr. Leikin, contended that Trusk was intoxicated at the time of the accident. Trusk points out that nothing in the accident report, completed by the Indiana State Police, suggested that he was under the influence of alcohol and that he was not charged with any related offense. That said, even assuming Trusk was intoxicated and therefore negligent in his own right, there is still a dispute whether Rodriguez's cross traffic maneuver contributed to the accident as well. A jury may find that Rodriguez's action was not reasonable and conclude that his action of crossing traffic to the far-left lane was a greater contributor to the accident with Trusk. Or the jury may conclude that Rodriguez's actions were reasonable under the circumstances and that Trusk's own negligence was more of a contributing factor.

In summary, a jury, not the court, must determine whether Rodriguez's cross traffic maneuver was unreasonable, and whether he or Trusk was more at fault for Trusk's injuries.

**B. Negligence Claim Against Glorias Trucking, Inc. and Direct Chassislink, Inc.**

The doctrine of respondeat superior imposes liability "on an employer for the wrongful acts of his employee which are committed within the scope of employment." *Stropes v. Heritage House Children's Ctr. of Shelbyville, Inc.*, 547 N.E.2d 244, 247 (Ind. 1989). The test is whether the employee's actions "were, at least for a time, authorized by his employer." *Id.* at 250 (quoting *Gomez v. Adams*, 462 N.E.2d 212, 223 (Ind. Ct. App. 1984)). If there is an adequate association between the authorized and unauthorized acts, then the unauthorized acts can be considered within the scope of employment. *Id.* at 249–50.

The defendants argue that Trusk presented no evidence that Direct Chassislink employed Rodriguez or that Rodriguez was its agent. Thus, Direct Chassislink cannot be liable under the theory of respondeat superior. Similarly, the defendants contend that while Rodriguez was an independent contractor of Glorias Trucking, Trusk failed to satisfy the elements required to sufficiently state a claim under the theory of respondeat superior.

The court notes that Trusk's response to the motion for summary judgment disregards this argument. In fact, the response fails to mention Glorias Trucking and Direct Chassislink at all. Failure to respond to an argument raised on summary judgment waives the argument and abandons the claim. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (affirming dismissal of claim where the plaintiff failed to respond to statute of limitations argument and thereby waived the argument).

Trusk presented no evidence to satisfy his claim under a theory of respondeat superior. Summary judgment is therefore appropriate as to Glorias Trucking and Direct Chassislink.

*Conclusion*

Based on the foregoing reasons, the defendants' Motion for Summary Judgment [DE 17] is **GRANTED** as to the negligence claims against Glorias Trucking and Direct Chassislink. The motion is **DENIED** as to the negligence claim against Rodriguez.

The defendants Glorias Trucking, Inc. and Direct Chassislink, Inc. are **DISMISSED** from this action.

ENTERED this 14th day of May, 2024.

/s/ Andrew P. Rodovich
United States Magistrate Judge